Harvey C. COMBS, Insurance Commissioner of the State of Arkansas as receiver for Royal Standard Insurance Company, Plaintiff,

v.

Oscar E. CHAMBERS and Jo. Chambers and Southwide Baptist Foundation, a Corporation, Defendants.

Civ. No. 67–C–122.

United States District Court
N. D. Oklahoma.

June 30, 1969.

See also D.C., 283 F.Supp. 295.

Jan Eric Cartwright, Muskogee, Okl., for plaintiff.

Charles W. Stubbs, Charles G. Scales, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

On March 9, 1966, Plaintiff recovered a personal judgment against the Defendant Oscar E. Chambers in the State of Arkansas in the amount of $388,054.14. This judgment is final. In this Court, the Plaintiff seeks judgment in rem in the State of Oklahoma on the above mentioned Arkansas foreign judgment against certain Oklahoma property of Oscar E. Chambers and also attacks certain conveyances of land situated in this District which are alleged to have been made by Oscar E. Chambers or his alter egos to the Defendant Southwide Baptist Foundation, claiming that Oscar E. Chambers was the actual owner of all of said lands and all of such conveyances thereof were made by him in fraud of the Plaintiff, as his creditor. Plaintiff seeks to have these conveyances set aside and title to the Oklahoma lands returned to Oscar E. Chambers, his judgment debtor, so that the Oklahoma in rem judgment may attach to the same.

The Court separated the issues of the case for the purposes of trial and first tried the alleged fraudulent conveyances issue and then the foreign judgment issue. Prior to the separation of the issues, the Defendants attacked the jurisdiction of this Court over them inasmuch as they were all served in Texas The Court, however, approved the service and found jurisdiction present un-

der an Oklahoma "long arm" statute, 12 Oklahoma Statutes 1701.03, on the basis of the alleged tortious acts of the Defendants in connection with Oklahoma real property in which they had an interest and which was claimed to have been conveyed in fraud of the Plaintiff as a creditor. See 12 Oklahoma Statutes, Section 1701.03(3) and (5).

Upon trial of the first issue, the Court set aside certain of the conveyances attacked, finding that the Defendant Oscar E. Chambers was the actual owner of the lands involved and that the conveyances were made by him to Southwide Baptist Foundation in fraud of the Plaintiff, as a creditor, contrary to 24 Oklahoma Statutes §§ 10 and 105. The Findings of Fact and Conclusions of Law on this issue were dictated by the Court into the record at the conclusion of the hearing on the first issue. The Court withheld judgment on that issue, however, until the second issue was tried.

With reference to the second issue, it is fundamental that a judgment entered in the courts of a sister State when sought to be made the judgment of another State may only be attacked for lack of jurisdiction to enter it. Otherwise, it must be given the same effect as a domestic judgment. 50 C.J.S. Judgments § 889, p. 470 et seq.; 30A Am. Jur. Judgments, § 239 et seq. The Defendant Oscar E. Chambers resists the in rem entry of the Arkansas judgment in Oklahoma in this case with the claim and assertion that the Arkansas court rendering said judgment against him lacked jurisdiction over him when they entered the same.

The evidence herein reveals that the Arkansas action resulting in the above mentioned judgment was based on fraud committed in Arkansas. When the Arkansas action was instituted, Oscar E. Chambers was residing in Texas. Service was authorized against him as a nonresident of Arkansas on the basis of his tortious conduct in Arkansas by serving the Secretary of State of Arkansas and sending notice of suit to him by reg-

istered mail, as provided by Arkansas Statutes.[1] Pursuant to the Arkansas Statutes involved, actual notice of the filing of the case in Arkansas was sent to Oscar E. Chambers by registered mail at his place of business in Dallas, Texas. A return receipt of the registered letter was filed in the Arkansas case. It was executed by E. Floyd Nix, who signed the same as the agent of Oscar E. Chambers. (Nix was also a Defendant in the Arkansas case and was himself served by registered letter). Oscar E. Chambers, by legal counsel, then filed a Motion to Quash in the Arkansas case. Nix joined in this Motion. The Motion was overruled in due course. Oscar E. Chambers failed to answer within the prescribed time, as fixed by the Court, when said Motion was overruled. The personal judgment against Oscar E. Chambers sued on herein was thereafter entered in the Arkansas case by default. Judgment was also taken against E. Floyd Nix. Oscar E. Chambers complains herein that the Arkansas court did not have jurisdiction over him when it entered said judgment because E.

1. Sections 27–339.1 and 27–2503, Arkansas Statutes of 1947, provide:

27–339.1. Service on resident and nonresident defendants out of state—Secretary of state agent for service of process—Procedure.—(1) Any cause of action arising out of acts done in this State by an individual in this State or by an agent or servant in this State of a foreign corporation may be sued upon in this State, although the defendant has left this State, by process served upon or mailed to the individual or corporation outside the State.

(2) From and hereafter the passage and approval of this act [§§ 27–339.1, 27–339.2], any person, resident or nonresident, who commits acts in this State sufficient to give an individual in this State a cause of action against the person committing said acts, shall have deemed to have appointed the secretary of state as his agent for service of process on him in any suit arising out of said acts committed by said resident or nonresident.

(3) Service of such process shall be made by serving a copy of the process on the said secretary of state and such service shall be sufficient service upon said nonresident person or any resident person, who is [has] subsequently absented himself physically from the State or upon the executor, administrator or other legal representative of his estate, in case he has since deceased, provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant at his last known address or to the administrator, executor or other legal representative of the estate in case said person has deceased, and the defendant's return receipt or the return receipt of such administrator, executor or other legal representative of the estate of said deceased person is attached to the writ of process and entered and filed in the office of the clerk of the court wherein such cases are brought. The court in which the action is pending may order some continuance as may be necessary to afford the defendant or defendants reasonable opportunity to defend the act.

(4) The secretary of state upon receiving a copy of said service of summons shall also forthwith mail a copy of said summons together with a copy of the complaint to the last and best known address of the named defendant in said suit, notifying him of the filing of said suit.

27–2503. Methods and manner of service.—A. Manner and proof of service. 1. When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made:
   (a) by personal delivery in the manner prescribed for service within this State;
   (b) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;
   (c) by any form of mail addressed to the person to be served and requiring a signed receipt;
   (d) as directed by the foreign authority in response to a letter rogatory; or
   (e) as directed by the court.
2. Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner prescribed by the law of this State, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.

Floyd Nix was not his agent authorized to accept and receipt for service of the above mentioned registered letter advising him of the litigation and mailed to him at his Dallas place of business. There is no evidence before the Court that he did not actually receive the registered letter from Nix. Neither Oscar E. Chambers or E. Floyd Nix testified at any of the evidentiary hearings conducted by the Court relative to this point. An affidavit of Nix was presented but was objected to by Plaintiff. The objection was sustained and the affidavit was not considered as the case was being heard on its merits and the right of cross examination of Nix would have been denied. The Court on several occasions invited the testimony of both Chambers and Nix in person but neither was presented either in person or by deposition.

In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, the United States Supreme Court upheld the constitutionality of a Massachusetts Statute which provided for mailing a copy of the process served on the registrar by registered mail to a nonresident defendant and the defendant's return receipt. In Wuchter v. Pizzutti, 276 U.S. 13, 48 S. Ct. 259, 72 L.Ed. 446, the United States Supreme Court held invalid a New Jersey Statute providing for service on a nonresident defendant by service on the Secretary of State but which statute failed to contain a further provision (such as the above Massachusetts Statute) making it reasonably probable that notice of the service on the Secretary of State would be communicated to the nonresident defendant. This case provided,

> "With this information at hand the state may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued. Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the de-

fendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant." 276 U.S. at p. 20, 48 S.Ct. at p. 261.

The Arkansas Statute here involved is plainly constitutional for it provides for service on the Secretary of State and notice of such service by registered mail sent by the plaintiff or his attorney to the nonresident defendant at his last known address and the nonresident defendant's return receipt. The evidence herein shows service on the Secretary of State, the mailing of notice of such process by registered mail by the Plaintiff's attorney to the Defendant Chambers at his last known address in Dallas and the Defendant's return receipt. The question remaining for consideration is whether said return receipt signed not by the Defendant but by his reputed agent E. Floyd Nix is adequate to give the Arkansas court jurisdiction over the person of Chambers.

There is a variance in the language of this type statute among the states. The Montana Statute involved in Bucholz v. Hutton, 153 F.Supp. 62 (D.Mont.1957), provided that the notice of service on the Secretary of State be sent by registered mail "requiring personal delivery" to the defendant. The court held that this statute by its language required actual delivery to the defendant by registered mail and receipt thereof by the defendant's landlord after the defendant had permanently departed from the address for military duty was not sufficient. In Weisfeld v. Superior Court, 110 Cal.App.2d 148, 242 P.2d 29, the California Statute involved required the filing of a return receipt "bearing the signature of the defendant." The court held that this language required actual delivery to the defendant by registered mail and that a return receipt signed by his mother when the defendant was in the armed forces and not at the home at the time was not sufficient.

But, in Shushereba v. Ames, 255 N.Y. 490, 175 N.E. 187 (1931), a New

York Statute was involved which had language identical with the Arkansas Statute requiring notice of service by registered mail to the defendant "and the defendant's return receipt." In *Shushereba* the return receipt was signed by W. H. Ames as agent for the defendant Betty W. Ames. The court held under the record of that case that such service was sufficient. The court noted that,

> "The defendant does not allege that she did not receive a copy of the summons by registered mail, and does not allege that she did not sign the receipt either personally or by her agent. Her motion to dismiss is based upon the sole ground that the return receipt is insufficient on its face." 175 N.E. at p. 188.

This is the same situation here. The Defendant Chambers has not appeared and testified nor has he claimed that he did not actually receive the copy of the notice sent to him by registered mail and receipted for by Nix. Indeed, he would be hard put to so claim since counsel thereafter appeared for him and Nix in the Arkansas case before the answer date and unsuccessfully moved to quash the summons he now attacks. *Shushereba* further states,

> "The purpose of the statute is accomplished when a defendant receives notice of the pendency of the action and opportunity to defend." 175 N.E. at p. 188.

Here, under the evidence it is inescapable that Chambers actually received notice of the pendency of the Arkansas case against him and had an opportunity to defend it.

*Shushereba* further provides,

> "The statute requires that the 'defendant's return receipt' shall be filed. It does not expressly or by fair implication require that the 'defendant's return receipt' shall be signed personally by the defendant. The requirement is fully complied with by filing a 'return receipt' given in accordance with the rules or customs of the Post Office Department by the defendant or by some other person authorized to receive registered mail addressed to the defendant. The Legislature cannot have intended that the 'defendant's return receipt' should have any narrower or different meaning."
> * * *

> "It may, it is true, be urged that the assertion of authority by the person signing as agent of the defendant is no proof that such authority exists. With equal force it might be urged that the filing of a return receipt which purports to be signed by the defendant does not prove the genuineness of the signature. In both cases there may be a possibility that the return receipt is in fact not the 'defendant's return receipt,' and that the notice was not received by the defendant or his agent. That possibility is not so great that the court may not assume, at least, in the absence of contrary assertion by the defendant, that the notice was delivered by the Post Office Department to the person to whom it was addressed or to one authorized to receive mail in his behalf. A different question would be here if the defendant had chosen, or, perhaps, been in a position to make such an assertion. If the defendant authorized an agent to receive and receipt for registered mail, then the return receipt signed by the agent is the 'defendant's return receipt,' within the meaning of the statute. Even where the agent acted without prior authority, the receipt thereafter by the defendant of notice transmitted through the agent might constitute ratification of the agency." 175 N.E. at p. 188.

The Defendants also make objection because the Arkansas case was filed in the Court of Chancellor Hugh Bland and the default judgment involved herein was signed by Judge Paul Wolfe, 2nd Division. Exhibits before the Court show an Exchange Agreement between these two judges signed July 20, 1961,

for specified dates, "and for such times as might be to the best interests of their respective districts." This agreement also provides for a 2nd Division. Arkansas Statutes 22–341 provides:

> "*Powers and authority of exchange judges.*—The judges and chancellors exchanging circuits and districts as aforesaid shall have the same power or authority, holding courts for each other as the judge or chancellor for the circuit or district in which such term or terms shall be held."

Arkansas Statutes 22–343 provides for the creation of an additional division when an invitation is accepted by another Judge to hold court therein. Thus, by the Exchange Agreement a 2nd Division came into being in the Chancery Court of Chancellor Bland and Judge Wolfe was judicially empowered to enter the default judgment involved.[2] This objection is, therefore, without merit.

Defendant Chambers also complains that he received no notice that the default judgment was to be entered against him on March 9, 1966. The Court has previously found herein that the Defendant Chambers had notice of the Arkansas suit and was in Court. His Motion to Quash was overruled and he failed to thereafter further plead or answer as directed by the Court within the prescribed period of time. He thereby became in default.[3] The evidence before the Court does not reveal a notice being given to the Defendant Chambers or his attorneys appearing in the case in his behalf that a default judgment would be sought against him on March 9, 1966.

49 C.J.S. Judgments § 208c at pp. 371–372 states:

> "c. *Notice of Application*
>
> Notice of an application for a default judgment is necessary only when required by statute or rule of court.
>
> Under some statutory or practice rules, notice of the application for, or entry of, a judgment by default must be given to defendant; but, unless so required, a defendant who is once in court whether by legal process or by appearance is not entitled to such notice, especially where the judgment is one which will be entered as a matter of course, as in an action for the payment of money only."

No Arkansas Statute or rule of court has been presented herein nor found by the Court which it is believed required such notice to the Defendant Chambers before a default judgment was entered against him. If Arkansas Statutes 29–401 [4] is deemed applicable to our situation, (which is doubted) it requires no notice to Defendant Chambers before the entry of default judgment after he becomes in default by failure to plead or answer within the time allotted by the court pursuant to the authority of Arkansas Statutes 27–1163, supra. Defendant Chambers also argues and points to a statute (Arkansas Statutes 29–410) that notice of the entry of a default judgment is necessary when the Judge is in vacation in chambers. The judgment involved herein does not recite that the Judge was in vacation in chambers nor has Defendant Chambers shown such to be the case. Moreover, by statute the Chancery Courts of Arkansas

---

2. The record shows that Chancellor Bland was ill at the time.

3. Arkansas Statutes 27–1163 provides:
   "*Time for further response prior to default.*—Where proper, the court may in its order granting or denying the relief sought by the response as provided for in Section 1 [§ 27–1162] also fix the time within which further response must be made, and if a party fails to plead further within the allotted time, he shall be deemed to be in default."

4. "*Time for rendering—Additional time for appearance or pleading.*—Judgment by default shall be rendered by the Court in any case where an appearance or pleading, either general or special, has not been filed within the time allowed by this Act; provided, that the Court may for good cause allow further time for filing an appearance or pleading, * * *."

are continuously in session from term to term. Arkansas Statutes 22–407.[5] Thus, this objection of Defendant Chambers is without merit under Arkansas law.

■ But, there is a further and perhaps stronger reason why this complaint of Defendant Chambers is without validity. As stated above, the judgment of an Arkansas court should be entered in Oklahoma unless the Arkansas court lacked jurisdiction to enter the same. Again, as previously found herein, the Court has determined that the Defendant Chambers had notice of the Arkansas suit against him by service on the Secretary of State and registered mail notice to him. The Arkansas court, thus, had jurisdiction over the Defendant Chambers on such service and notice of suit. If it may be assumed that Arkansas by statute or rule of court required notice before a default judgment can be taken and a default judgment is taken without such notice, such action does not constitute a lack of jurisdiction in the meaning of the full faith and credit clause of the Constitution of the United States. It is at most an irregularity, the judgment is not void and should be entered in a sister state.

30A Am.Jur., Judgments, § 249 states:

"§ 249. *Errors or Irregularities.*— It is generally held that a judgment must be given full faith and credit even though erroneous, if there was jurisdiction. Something more than mere error must be shown to deprive a foreign judgment of force and effectiveness. Thus, the general rule is that a judgment of a foreign state is entitled to full faith and credit even if it is irregular or erroneous and therefore voidable."

Arizona, which has adopted the Federal Rules of Civil Procedure, has held in Nesbitt v. Nesbitt, 1 Ariz.App. 293, 402 P.2d 228, as follows:

"Let us now consider the application of Rule 55(b), supra, which directs that no default judgment be entered against an infant unless represented in the action by a general guardian or other representative. This rule further provides that notice of application for judgment shall be given to a defendant who has appeared in the action. However, it has been held that failure to give such notice is not jurisdictional, but merely a procedural irregularity. Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522, 525 (1951); Stafford v. Dickison, 46 Haw. 52, 374 P.2d 665, 670 (1962). If application is not timely made to set aside the judgment, it becomes res judicata as any judgment entered on the merits. Rogers v. Tapo, supra. Therefore, we hold that the provisions of Rule 55(b) do not render the default judgment herein under consideration void, but merely voidable." 402 P.2d at p. 231.

Arkansas has not adopted the Federal Rules of Civil Procedure and as heretofore stated does not have a statute or court rule requiring notice before entering a default judgment. But, again, assuming that Arkansas had such a statute or court rule and the same was not observed, the judgment so entered would not be subject to attack for lack of jurisdiction. 51 A.L.R.2d 837, at p. 844 states:

"Under state rules and statutes which are not patterned upon Federal Rule 55(b)(2), but which are similar thereto in providing for notice of application for judgment by default where the party against whom the judgment is sought has appeared, it is uniformly held that a failure to give the required notice renders a default

5. This statute provides in part:
"*Court always open—No adjournments—Recess—Concurrent sessions.*— The chancery court of each county, and of each division in each county having two [2] or more divisions of chancery court, shall be open, by operation of law, at the beginning of each regular term of such court, as fixed by law, and shall remain open until the beginning of the next such term of the court; * * *."

judgment not void, but merely voidable upon proper application."

Thus, the Court finds and concludes that such a failure to give notice when required by statute or court rule is not jurisdictional under the full faith and credit clause but is merely a procedural irregularity and the Arkansas judgment should be entered in Oklahoma.

The Court, therefore, finds and concludes that the Arkansas Statutes under which service was had on the Defendant Chambers are constitutional; that they have been complied with herein as to the Defendant Chambers; that the Defendant Chambers received by registered mail the notice of process against him in the Arkansas case with return receipt thereof signed by his agent E. Floyd Nix; that under the Arkansas Statutes the return receipt signed by an agent of the addressee is sufficient compliance therewith in the absence of the addressee establishing that he was not his agent *and* that he did not actually receive the notice from the purported agent; that the Defendant Chambers actually received from Nix the notice of suit sent to him by registered mail and receipted for by Nix as his agent, as shown by the record, in that thereafter the Defendant Chambers by counsel moved to quash the summons in the Arkansas case and, lastly, that the fundamental purpose of the Defendant Chambers having received actual notice of the Arkansas case against him and an opportunity to defend the same is clearly met and satisfied in this case with the result that the Arkansas court had jurisdiction over his person when it rendered the judgment against him as aforesaid. The Court further finds and concludes that the Arkansas judgment appears regular on its face and is presumed to be regular in the absence of a showing to the contrary. No such showing has been made herein. Further, that the Arkansas judge signing the judgment was authorized to entertain and sign said judgment and that there is no merit or validity in the objection raised by the Defendant Chambers that he received no notice of the entry of the default judgment against him inasmuch as said notice was not required by Arkansas Statutes or rule of court and, furthermore, any such failure in this respect is not jurisdictional but is merely an irregularity not preventing the entry of the Arkansas judgment in the courts of a sister state under the full faith and credit clause.

Accordingly, judgment should be entered herein in favor of the Plaintiff and against the Defendants on both of the separated issues, setting aside certain of the conveyances involved, as ordered by the Court, and entering an in rem judgment against said properties on the Arkansas judgment against the Defendant Chambers. Counsel for the Plaintiff will prepare an appropriate judgment based on the foregoing and present the same within ten (10) days from the date hereof to the Court for signature and entry herein.