EVELYN W. THOMAS *v.* BUFORD L. MARSHALL

[No. 201, September Term, 1975.]

*Decided December 2, 1975.*

The cause was argued before ORTH, C. J., and POWERS and MASON, JJ.

*Thomas V. Friedman,* with whom were *Rosen, Esterson & Friedman* on the brief, for appellant.

No brief or appearance for appellee.

POWERS, J., delivered the opinion of the Court.

Several points of procedural interest, but no question of substantive law, are involved in this appeal. The case originated when Buford L. Marshall, an exercise boy at the Laurel Race Track, fell off a horse and was injured. On 17 April 1974 he filed suit in the Circuit Court for Anne Arundel County against Walter L. Worsham and Evelyn W. Thomas, alleging that Worsham, a trainer, engaged Marshall to exercise the horse, and was negligent in failing to warn him of the dangerous propensities of the horse. In a separate count Marshall claimed against Evelyn W. Thomas, owner of the horse, Fred Put Pucker, saying that her trainer's negligence was imputed to her.

Both defendants were shown by the declaration to be non-residents. Mrs. Thomas was served by registered mail. Worsham has never been served, and is not involved in this appeal.

Within the 60 days permitted to her Mrs. Thomas filed by way of response to the declaration and summons, a letter addressed to the Clerk of the Circuit Court for Anne Arundel County. The principal question in this appeal is whether the letter constituted a plea to the declaration. It said:

> "In Compliance with your request, I herewith submit an acknowledgement of the summons at Walter L. Worsham and Evelyn W. Thomas — The Plaintiff being Buford L. Marshall.
>
> "I made a personal appearance at Circuit Court in Anne Arundel County on June 17, 1974 to no avail.
>
> "My Trainer in question has had many years of experience and I am satisfied he is not in fault. .
>
> "I am informed the rider in question is a Contract Rider and that he should be *experienced.*
>
> "Buford L. Marshall was instructed how to exercise the Horse and we consequently feel no personal responsibility.

"Copies are being sent to Plaintiffs Attorney, Melbourne and Goldman, also to Circuit Court for Anne Arundel Co."

In October 1974 plaintiff filed a motion for leave to amend [1] his declaration by increasing the amount of damages claimed. Leave was later granted by an order of court. The amended declaration was filed on 6 November 1974, with a certificate that a copy was mailed to Mrs. Thomas. She filed no further responsive pleading.

On 25 November 1974 Marshall filed a motion for default judgment against Mrs. Thomas, reciting that she had been served with a copy of the original declaration and summons and had been served by mail with a copy of the amended declaration but that, "the Defendant has failed to file her answer to the Plaintiff's Declaration", and, "That any rights said Defendant may have had, if any, to respond to the Plaintiff's Amended Declaration have been relinquished due to her failure to respond to the Amended Declaration [2] within fifteen (15) days as required by Maryland Rule 308." To the motion for default judgment was appended a certificate that a copy was mailed to Mrs. Thomas.

An order was signed by the court on 2 December 1974 entering judgment by default in favor of Marshall against Evelyn W. Thomas.[3] A notice of that judgment was mailed

---

1. Such a motion was unnecessary, and not in accord with the practice prescribed by Maryland Rule 320, as amended, effective 1 July 1974.

2. If Mrs. Thomas is deemed to have responded previously, she was under no obligation to respond to the Amended Declaration. Maryland Rule 320 d 8 (b) says:

"If an original party who has responded shall fail to file an additional response within the time allowed, the case shall proceed and the response previously filed shall be deemed to be a response to the amended pleading."

3. This order appears to have been entered upon an ex parte submission. The docket does not indicate that there was a hearing. The judge must have accepted the representation in the motion that Mrs. Thomas had failed to file an answer. Such default, had it occurred, would have permitted the entry of judgment under Maryland Rule 310 b, on motion of the adverse party. Marshall did, of course, file a motion. Under Maryland Rule 321 c he was required to serve a copy of the motion, pursuant to Rule 306, on the party affected. His certificate on the motion shows service. Under Maryland Rule 308 she was entitled to 15 days after the filing of the motion to file a response to it. The order entering the default judgment was filed on 2

by the Clerk of the Court to Mrs. Thomas. Maryland Rule 611. On 12 December 1974 counsel representing her filed a motion to strike the default judgment. On 31 January 1975 a hearing was held and the motion to strike was denied. There was no transcript. According to the docket the hearing judge, in denying the motion, granted "leave to enter into the record the testimony of Mrs. Evelyn W. Thomas for use on appeal [4] if any, that may be taken." The testimony of Mrs. Thomas was taken before the judge on 11 February 1975 and has been made a part of the record before us on appeal. It is irrelevant to the issue, and we do not notice it.

An order for appeal was filed on 24 February 1975, and purported to appeal from the default judgment of 2 December 1974 and from the order of 31 January 1975 denying the motion to strike the default judgment. Upon motion, under Maryland Rule 1013, the lower court thereafter struck, as not timely filed, that portion of the order for appeal concerning the default judgment of 2 December 1974.

---

December 1974, only seven days after the filing of the motion. Solely on the basis of the time allowed for a response to the motion, the entry of judgment was a mistake and an irregularity. Although no such contention has been made, we are aware that Maryland Rule 306 b says that, "Service need not be made on a party in default for failure to appear * * *." Even if it were felt that Mrs. Thomas's letter were insufficient to constitute a "plea", it surely was an "appearance".

4. This may not be done. In a comparable situation which arose in Jordan v. Morgan, 247 Md. 305, 231 A. 2d 13 (1967) Judge McWilliams said for the Court of Appeals, at 308-09:

> "Judge Bowen thereupon granted the motion for summary judgment and directed the clerk to make the proper entries. Counsel for appellants then was 'allowed five (5) days within which to file a proffer of the facts he would have included in testimony had he been permitted to take testimony on this point.' The record extract concludes as follows:
>
> > '(Judge Bowen) This proffer is permitted solely for the purpose of completing the record in case the matter is appealed so that the Court of Appeals may have before it those facts which the Plaintiff would hope to prove at a new trial.'
>
> \* \* \*
>
> "Judge Bowen's expedient device for fobbing off evidentiary material on us for primary determination is novel, to say the least. It finds no sanction in the Maryland Rules of Procedure, * * *."

We have no difficulty in concluding that the letter filed by Mrs. Thomas constituted an adequate responsive pleading by her to the declaration. A general issue plea in bar in an action *ex delicto* is sufficient under Maryland Rule 342 b 2 if it says that the defendant "did not commit the wrong alleged." Maryland Rule 301 c says, in part:

> "Any pleading which contains a clear statement of the facts necessary to constitute a cause of action or ground of defense shall be sufficient without reference to mere form * * *."

The letter was adequate to inform the plaintiff that Mrs. Thomas denied liability when she said that her trainer was not in fault. Indeed the letter went further and alleged facts which could amount to contributory negligence or assumption of risk.

We have carefully compared the letter with the requirements of Maryland Rule 301 applicable to the first pleading filed by a party against whom relief is sought. Of all the formal requirements, the letter in this case lacks only a brief descriptive title indicating the nature of the pleading, § h (for which the word "Plea" would suffice), and Mrs. Thomas's telephone number, if she had one, § f. Those defects certainly amount to no more than the defects noted by the Court of Appeals in *Anderson v. Hull*, 215 Md. 476, 138 A. 2d 875 (1958), where it held that a letter written by the defendants to the judge should be treated as a plea.

We hold that the letter filed by Mrs. Thomas in this case was a sufficient plea by her to the declaration, and that she was not in default. The default judgment should not have been entered.

Appellant's timely motion, under Maryland Rule 625 a, to strike out the default judgment against her required an exercise of discretion by the court. That discretion must be exercised liberally. *Hamilton v. Hamilton*, 242 Md. 240, 218 A. 2d 684 (1966). The judge erred when he concluded that the letter was not a plea. We are satisfied that this conclusion caused him to withhold the discretionary relief which

otherwise he undoubtedly would have granted. The result must be looked upon as an abuse of discretion. Alternatively, we hold that the entry of judgment was an irregularity. *Weitz v. MacKenzie,* 273 Md. 628, 331 A. 2d 291 (1975).

The motion to strike the default judgment should have been granted. We reverse the order of the lower court and remand the case with instructions that the default judgment be stricken and that the case proceed in the ordinary course from that posture.

*Order reversed.*
*Appellee to pay costs.*