A. A. MUELLER ET AL. *v.* MARSHALL PAYN

[No. 446, September Term, 1975.]

*Decided February 27, 1976.*

The cause was argued before THOMPSON, MOORE, LOWE and MASON, JJ.

*David E. Manoogian,* with whom were *MacDonald & Manoogian* on the brief, for appellants.

No appearance by appellee.

MOORE, J., delivered the opinion of the Court.

This appeal presents the issues of whether a default judgment entered in Missouri against Maryland defendants was entitled to full faith and credit in Maryland and, if so, whether summary judgment was properly entered for appellee in a suit upon the judgment in the Circuit Court for Prince George's County.

I

Marshall Payn, appellee, a resident of St. Joseph, Missouri, filed a declaration in the Circuit Court for Prince

George's County on November 20, 1974, seeking recovery of the sum of $12,000, plus costs, against A. A. Mueller and National Technical Institute, appellants, of College Park, Maryland. Payn attached to his declaration an exemplified copy of a judgment in that amount rendered on May 31, 1974 by the Circuit Court of Jackson County, Missouri, at Independence, Missouri, against both appellants. (The Missouri judgment recited that the appellants "although duly and lawfully summoned," were in default.) The declaration was accompanied by a motion for summary judgment without a supporting affidavit.

Appellants by their counsel thereafter filed separate but identical pleas interposing the general issue and pleading specially, *inter alia*, that the Missouri court lacked personal and subject matter jurisdiction, that the foreign judgment was obtained by fraud and that the appellants in the Missouri proceedings did not receive notice thereof in sufficient time to defend, that the Missouri judgment was invalid because "of errors and irregularities and that appellants had not been served with process in the Missouri action." Appellants also made a demand for a jury trial and filed, without supporting affidavit, a motion to extend the time to oppose appellee's motion for summary judgment. Without a hearing, the lower court (Mathias, J.) entered an order on January 28, 1975 that neither party was entitled to summary judgment, citing Maryland Rule 610 a 3.[1]

Thereafter, on March 18, 1975, Mr. Payn *again* filed a motion for summary judgment annexing thereto an authenticated copy of the entire record of the proceedings in the Missouri court. The Missouri record included copies of the following:

> 1) Petition for Damages filed on May 24, 1973 against both appellants. The petition alleged that on or about August 25, 1972 the parties had entered into a written contract whereby the plaintiff-appellee agreed to furnish the defendant

---

1. The requirements of the Rule with respect to the filing of affidavits had not been complied with.

technical and consulting services in establishing and operating a private school business in the field of motorcycle technology for which he was to receive the sum of $12,000, and that the said amount had not been paid.

2) An affidavit filed with the Petition for Damages requesting foreign personal service as provided by Section 506.500 of the Revised Statutes of Missouri 1949, the long-arm statute, the defendants being non-residents of the State of Missouri.[2]

3) Copy of communication dated August 25, 1972 to Marshall V. Payn, St. Joseph, Missouri, confirming agreement between National Technical Institute and Marshall Payn as an individual "to act as a consultant and to render services as necessary for the motorcycle technology that National Technical Institute offers. Payment . . . will commence April, 1973 and will be for $1,000.00 per month for a period of 12 months." This communication was signed by "A. A. Mueller, President, N.T.I."

4) A return of service by Deputy Sheriff James Ephraim of Prince George's County, Maryland, showing service upon National Technical Institute with service on A. A. Mueller, President, executed on September 25, 1973; and a separate return of service executed on September 25, 1973 upon appellant, A. A. Mueller.

5) Letter dated October 8, 1973 on the letterhead of National Technical Institute, College Park, Maryland, to the Clerk of the Circuit Court of Jackson County, Independence, Missouri, signed by A. A. Mueller and requesting that an attached letter be filed "as a reply to the Petition of Damages in the case of Marshall Payn against A. A. Mueller." (Carbon copies of this communication were indicated to have been sent to the Deputy Clerk and to counsel for Marshall Payn.)

6) Letter dated October 8, 1973 (referred to in Item

2. The Missouri Long-Arm Statute is similar to the Maryland Statute. Courts and Judicial Proceedings Article, Sec. 6-103.

5, *supra*) on letterhead of National Technical Institute, College Park, Maryland, signed by A. A. Mueller, addressed to the Clerk of Court in Missouri. The communication requested particulars of the claim and stated that "N.T.I. will counter-sue for the $3,000 plus other damages resulting to its business from Mr. Payn's consulting services." (Copies were also sent to the Deputy Clerk and to counsel for Mr. Payn.)

7) Motion by attorney for Payn in the Missouri proceedings "requesting order for proper answer on the alternative that the plaintiff be granted a default judgment." The motion recited the filing of the Petition for Damages followed by Mr. Mueller's two letters dated October 8, 1973 and alleged that "said letters are insufficient to constitute answer to the plaintiff's petition under the laws of the State of Missouri and under the Rules of civil procedure heretofore adopted by the Supreme Court of the State of Missouri.[3] The motion contained a Certificate of Service by mail to A. A. Mueller and National Technical Institute dated January 2, 1974.

8) Formal order by the Circuit Court of Missouri, 16th Judicial Circuit, dated January 2, 1974, that the defendants (appellants here) within sixty days "file their proper answer to the plaintiff's petition or, in the alternative, plaintiff be granted a default judgment against the defendant."

9) Judgment rendered by the Circuit Court of Jackson County, Missouri on May 31, 1974 in favor of Marshall Payn against A. A. Mueller and National Technical Institute in the sum of $12,000 and costs because of defendants' default although "timely and lawfully summoned."

Appellants responded to Payn's motion for summary

---

**3.** Missouri Rule 55.09 requires that "[a] party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."

judgment in the proceedings below by filing an opposition thereto and by interposing their own motion for summary judgment. As grounds for their opposition, appellants asserted (a) that Payn's previously filed motion for summary judgment had been denied on January 29, 1975; and (b) that Payn had filed no new information in support of the second motion for summary judgment.

Mueller's and National Technical Institute's motion for summary judgment was based solely upon a claim that "the Missouri judgment was not obtained in compliance with Missouri law." [4] Annexed to their motion was an affidavit by David H. Jeter, a member of the Bar of the State of Missouri, in which the affiant stated that Missouri Supreme Court Rule 44.01 (d) requires:

> "A written motion, *other than one which may be heard ex parte,* and notice of the hearing thereof, shall be served not later than five (5) days before the time specified for the hearing, unless a different period is affixed by law or court rule or by order of the court . . ." (Emphasis added.)

Attorney Jeter further deposed that the court file in Missouri did not reflect that any notice of hearing was given to Mueller and National Technical Institute in the granting of the order dated January 2, 1975, *supra,* requiring the defendants in the Missouri action to file a proper answer "on the alternative" that the plaintiff be granted a default judgment.

Appellee Payn thereafter filed an opposition to appellants' motion for summary judgment in which it was stated that the second motion for summary judgment included the entire proceedings in the Missouri court (which had not been filed with the first motion for summary judgment) and that the official proceedings showed that the Missouri judgment against both Mueller and National Technical Institute was valid.

---

4. Reliance was not placed upon any of the other defenses asserted in their respective pleas to the Petition for Damages.

Prior to any hearing on the respective motions for summary judgment, appellants served a notice of the taking of the deposition of Marshall Payn, scheduled for April 28, 1975 at College Park, Maryland. (Notices had previously been given of the taking of his deposition on March 21 and April 4 but, for reasons not disclosed in the record, the deposition of Payn was not taken on either date.) Upon application of Payn's Maryland counsel, a protective order was granted by the Circuit Court for Prince George's County (Powers, J.) in which was ordered that the scheduled deposition of Mr. Payn be postponed, if necessary, to a date after the summary judgment motions of both parties had been ruled upon. It was further ordered that the deposition, if any, be taken in Missouri at the expense of Mueller and National Technical Institute.

A hearing in open court on the parties' respective summary judgment motions was held on May 1, 1975 before Judge Powers. Payn's motion for summary judgment was granted and, on May 5, 1975, the court signed a formal order that judgment be entered in favor of the appellee in the sum of $12,000 plus costs. It was further ordered, however, that the execution on the judgment be stayed for a period of forty-five days. As the transcript of the proceedings before Judge Powers discloses, counsel for appellants advised the court that a motion to set aside the Missouri judgment had recently been filed and that a stay of execution on the judgment was desired in order that appellants could pursue their available remedies in the State of Missouri. We assume from the record that appellants' recourse to the Missouri court did not meet with success because they subsequently posted a supersedeas bond in the amount of $14,000.

We proceed to consider the assignments of error.

## II

Appellants' first principal contention is that the Missouri judgment is not entitled to full faith and credit in Maryland for the reasons that the Missouri judgment

(a) Was not valid because it was not in compliance

with Missouri's Supreme Court Rule 44.01 and because the court ignored the letters of defendants dated October 8, 1973;

(b) Is not conclusive in Maryland if obtained by fraud; and

(c) Should not be recognized because the "foreign court" was a seriously inconvenient forum within the meaning of the Maryland Uniform Foreign Money-Judgment Recognition Act, Md. Code Annot., Courts and Judicial Pro., Sec. 10-704 (b) (5) (1975).

First, we hold that the Foreign Money-Judgment Recognition Act has no bearing whatever. As Section 10-701 (c) specifically provides, a "foreign state" means "any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands or the Ryukyu Islands." The act applies only to judgments of countries outside the United States, its territories and possessions. *See generally*, Patterson, C. H., *Foreign Country Judgments and the Second Restatement of Conflict of Laws;* 72 Columbia L. Rev. 220, 264 (1972); 47 Am. Jur. 2d *Judgments*, Sec. 1242. Accordingly, we disregard so much of appellants' claims of error in (b) and (c) above as are based upon the Uniform Act.

Next, we observe that appellants make no contention that the Missouri court lacked jurisdiction of the subject matter or of the parties. In this connection, we note that personal service in Maryland of both appellants was effected, as previously stated, pursuant to the provisions of Section 506.500, Revised Statute of Missouri 1949, Missouri's Long-Arm Statute. Furthermore, any defect of personal jurisdiction in the initiation of the action was effectively waived by the letters which appellants addressed to the Clerk of the Circuit Court of Jackson County, Missouri dated October 8, 1973, requesting that they be filed as an answer to the petition for damages in the action against them by appellee. These communications clearly constituted a

general appearance in the Missouri action by both appellants.[5] *See, Thomas v. Marshall,* 29 Md. App. 299, 347 A. 2d 862 (1975).

The leading case in Maryland concerning full faith and credit requirements under the Federal Constitution is *Coane v. Girard Trust Co.,* 182 Md. 577, 35 A. 2d 449 (1944) where Judge Delaplaine stated for the Court:

> "If the judgment has been rendered by a court of competent jurisdiction, the full faith and credit clause of the Federal Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles involved, and the judgment is conclusive as to all questions in controversy and all defenses which might have been interposed with proper diligence." 182 Md. at 580.

Appellants' contentions that the lower court improperly granted the Missouri judgment full faith and credit come to rest upon two prongs — alleged noncompliance with Missouri Rule 44.01 (d) and alleged fraud.

We find no basis for either contention. The Missouri Rule does not sustain the argument that five days notice was required before the entry of the order requiring a "proper answer." Payn's motion "for a proper answer" or that he be granted a default judgment was granted the day it was filed. We consider the action of the court entirely proper and in accordance with Rule 44.01 (d) which makes specific exception for motions which may be heard *ex parte.* The motion for a proper answer was precisely within that category. There is no suggestion that appellants did not receive notice of the motion and order. In granting the motion, the court allowed appellants sixty days within which to "file their proper answer" or suffer a default

---

5. The written agreement with Mr. Payn was not signed by Mr. Mueller individually but in his capacity as President of National Technical Institute. Therefore his individual liability should have been disclaimed by timely action in the Missouri proceedings.

judgment; and, indeed, more than 120 days elapsed before the Circuit Court in Missouri finally awarded Mr. Payn a default judgment. We regard as specious the claim of appellants that having answered, by their letters dated October 8, 1973, they were entitled to a trial.

The fact of the matter is that appellants were accorded every opportunity to comply with Missouri rules relating to the defense of claims but failed to do so. Nothing here involved was in any way irregular nor, indeed, repugnant to our own law. Here, failure to plead timely after service of process may lead to the entry of judgment by default without hearing and without further notice. *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 240 A. 2d 239 (1968); Maryland Rules 310 b and 610 c 3. No Missouri statute or rule has been presented by appellants or discovered by this Court which would require any notice to appellants beyond that contained in the order dated January 2, 1974 requiring them to file a proper answer or be subjected to a default judgment.[6]

Even if a violation of Missouri's procedural rules occurred, however, it is doubtful that such a violation would require a denial of full faith and credit. Restatement [2d] *Conflict of Laws*, Sec. 106; *Combs v. Chambers*, 302 F. Supp. 194 (N.D. Okla. 1969). In *Combs*, the Court held that even if a rule in the state where judgment was rendered required notice before a default judgment could be taken, the taking of such a judgment without notice would not negate the requirements of full faith and credit. The Court stated:

> "[T]he judgment of an Arkansas court should be entered in Oklahoma unless the Arkansas court lacked jurisdiction to enter the same. . . . [T]he court has determined that the Defendant . . . had notice of the Arkansas suit against him by . . .

---

6. Missouri Rules 74.045 and 74.10 provide for the award, where the defendant fails to file his answer, of an interlocutory default judgment; a determination of damages by a jury or, as here, the court; and the entry of final judgment. Rule 74.12 provides that persons not summoned personally may petition for review of such final judgment but Rule 74.15 makes it clear that persons personally summoned may not petition for review.

registered mail notice to him. The Arkansas court, thus, had jurisdiction. . . . If it may be assumed that Arkansas by statute or rule of court required notice before a default judgment can be taken and a default judgment is taken without such notice, such action does not constitute a lack of jurisdiction in the meaning of the full faith and credit clause. . . . It is at most an irregularity, the judgment is not void and should be entered in a sister state." At 200.

The Restatement, Conflict of Laws [2d], *supra*, emphasizes that the correction of a judgment of another state should be obtained by appropriate action in the state of rendition. Thus, Comment "a" to Sec. 106, *supra*, states in part:

"(a) [A] party who is aggrieved by the judgment must seek correction of the error in the state of rendition by having the judgment vacated or reversed on appeal. The judgment will not be denied recognition and enforcement in other states because of such an error.

\* \* \*

Illustration:

(1) A sues B in state X on an alleged contract. The court finds the contract to exist and gives judgment for A. A sues B in state Y on the judgment. *The Y court will give judgment for A even if it believes that the X court was mistaken in its finding.*" (Emphasis added.)

With respect to the appellants' claim of fraud, we observe that the particulars set forth in their brief are *dehors* the record and that the only reference to fraud in the proceedings below on the part of the appellants was the general allegation in their respective pleas that the "foreign judgment was obtained by fraud." No particulars of alleged fraud were set forth in appellants' own motion for summary judgment nor in their opposition to appellee's second motion for summary judgment. There is a serious question as to

whether or not the question has been preserved for appellate review. Rule 1085.

At all events, we glean from appellants' brief that any fraud involved related to the formation of the contract itself and not to the obtaining of the judgment. To the extent that appellant relies upon Section 10-704 (a) (4) of the Uniform Foreign Money-Judgment Act such reliance is, as shown *supra*, totally misplaced. Furthermore, the type of fraud which may result in a denial of full faith and credit is generally characterized as "extrinsic" and amounts to a fraud on the court, as where the fraud goes to the question of jurisdiction, *Staedler v. Staedler*, 78 A. 2d 896, 901 (N.J. 1951); *Klaiber v. Frank*, 86 A. 2d 679, 683 (N.J. 1952), or prevents the defeated party from fully and fairly presenting his case, *Britton v. Gannon*, 285 P. 2d 407 (Okla. 1955). Fraud such as that indicated here, concerning the merits of the action, must be raised in the court where the judgment is rendered. Such "intrinsic" fraud, even if proven, does not permit denial of full faith and credit. *Oldham v. McRoberts*, 258 N.Y.S.2d 424, (Ct. of Appeals 1965); *Perkins v. Benguet Consol. Mining Co.*, 132 P. 2d 70 (Cal. App. 1942), *cert. denied*, 319 U. S. 774 (1943). As stated by Vice-Chancellor Haneman in *Second National Bank of Philadelphia v. Thompson*, 56 A. 2d 492, 496 (N.J. Eq. 1947):

> "Fraud, to be available as a defense against an action on a foreign judgment, must be extrinsic fraud. It must be a fraud in the procurement of the judgment rather than a fraud attendant upon the cause of action itself.
>
> * * *
>
> "The judgment cannot be impeached for any supposed defect or irregularity in the transaction upon which it was founded."

This distinction between extrinsic and intrinsic fraud is firmly embedded in Maryland law. As Judge Digges stated

for the Court of Appeals in *Schwartz v. Merchants Mortgage Company*, 272 Md. 305, 309, 322 A. 2d 544 (1974):

> "This 'intrinsic-extrinsic' distinction, which is delineated for this State in *Maryland Steel Co. v. Marney, supra*, [91 Md. 360, 46 A. 1077 (1900)] has been universally followed by the large number of Maryland cases which have considered whether an enrolled decree or judgment should be reopened when fraud is alleged. (Citations omitted.) These cases establish that fraud is *extrinsic* when it actually prevents an adversarial trial, but is *intrinsic* when it is employed during the course of the hearing which provides the forum for the truth to appear, albeit that truth was distorted by the complained of fraud." (Emphasis added.)

*See also Gotham Hotels, Ltd. v. Owl Club, Inc. of Baltimore*, 26 Md. App. 158, 337 A. 2d 117 (1975).

Here, appellants would apparently have the Maryland courts examine Payn's representations concerning his expertise in the field of motorcycle technology which led to the contract of employment upon which the Missouri judgment was based. Missouri was the proper forum for any such defense. Appellants had notice of the Missouri proceedings. They chose to file no proper answer there between January 2 and May 31, 1974. They do not allege that the jurisdiction of the Jackson County court was fraudulently acquired. The Missouri judgment is therefore entitled to full faith and credit in Maryland.

Appellants also claim that the motion for summary judgment which was granted constituted merely the renewal of a motion for summary judgment that had been previously denied, and is not valid. Under Maryland Rule 610 a motion "for summary judgment may be made by a party at any time." We must reject appellants' argument that the language of the rule implicitly proscribes more than one such motion. The second motion in this case was, as previously pointed out, accompanied by the complete record from the Missouri court, whereas the first motion relied only

upon an exemplified copy of the Missouri judgment. The first motion was deficient and was correctly denied. *See,* Maryland Code Annot., Courts and Judicial Proceedings, Sec. 10-601 (1974) and *Coane v. Girard Trust Company, supra.* Mr. Payn was clearly entitled to the renewal of the motion, previously denied. As Judge Powers pointed out, he was not here presented with an "appeal" at the *nisi prius* level of the denial of a motion for summary judgment by another trial judge.[7]

Finally, we perceive no abuse of discretion on the part of Judge Powers in granting a protective order pursuant to Rule 406, postponing the taking of Mr. Payn's deposition in Maryland until after the hearing on the motion for summary judgment, "if necessary." Appellants complain in their brief that this action by the court hampered them in connection with their claim of fraud. We have heretofore disposed of this aspect of the appeal and, under the circumstances, can only conclude that Judge Powers was entirely correct in granting the order to protect.

> *Judgment affirmed; appellants to pay the costs.*

---

7. Judge Mathias, who denied t'.e original motion, signed the order setting down the subsequent motions for summary judgment for hearing.