This suit was filed by Doris B. Owens, executrix of the estate of Lillian B. Jones, deceased, and Doris B. Owens, individually, against Lillian Beverly, Helen Beverly, Mamie Beverly, and Alberta Carlton on December 4, 1981, in Jefferson County Circuit Court. The Defendants, all of whom reside in Birmingham, are sisters, and, along with Plaintiff, were cousins of the late Lillian B. Jones.
Plaintiff sought a judgment against Defendants pursuant to the full faith and credit clause, Art. IV, § 1, of the United States Constitution, premised upon an order for injunctive relief and judgment entered by the Chancery Court of Lauderdale County, Mississippi. The Mississippi adjudication included, among other things, a judgment against Defendants in the amount of $87,064.12, plus an additional amount of $5,000, representing attorney's fees.
On August 19, 1981, Plaintiff/Appellee Doris B. Owens instituted an action in the Mississippi court, against Helen Beverly and Alberta Carlton, Defendants/Appellants, and two other Defendants, Lillian Beverly and Mamie Beverly. Plaintiff sought injunctive relief and damages for fraud and undue influence allegedly exerted by the Defendants against Lillian B. Jones during her lifetime. On January 6, 1982, Defendants Helen Beverly and Alberta Carlton filed a motion to dismiss, followed by an amended motion to dismiss on January 19, 1982. Both motions were denied.
Defendants Lillian Beverly and Mamie Beverly never appeared in the Mississippi proceeding, alleging that the Mississippi Court did not have proper personal jurisdiction over them because of alleged failure of service of process. Neither is a party to this appeal. Appellants Alberta Carlton and Helen Beverly concede the propriety of the Mississippi court's personal jurisdiction over them.
Within the instant suit, all the parties filed motions for summary judgment, which were overruled. Plaintiff's subsequent motion to reconsider the denial of her motion for summary judgment was granted as to Defendants Alberta Carlton and Helen Beverly. This appeal, from a Rule 54 (b) order, followed. We affirm.
 FACTS
Lillian Jones, an elderly woman who underwent heart surgery in 1981 for implantation of a pacemaker, lived in Meridian, Mississippi. Before her illness, she executed a will naming as beneficiaries Defendant Lillian Beverly, Plaintiff Doris B. *Page 1229 
Owens, and Plaintiff's sister, Gladys B. Wallace. Plaintiff Doris B. Owens travelled to Meridian before Ms. Jones's surgery and remained there to care for her personal needs. Before returning home, Ms. Owens contacted Defendants Lillian Beverly, Helen Beverly, Mamie Beverly, and Alberta Carlton to inquire whether they would care for Ms. Jones.
The four Defendants agreed and Ms. Owens brought Ms. Jones to Birmingham in March 1981, and left her with Defendants. In May 1981, Defendants carried Ms. Jones back to her home in Meridian. Defendants then proceeded to close out Ms. Jones's bank accounts, and took the monies back to Birmingham, leaving Ms. Jones in Mississippi.
Defendants returned to Mississippi in June 1981. During this period, Defendants employed an attorney for the purpose of revising the earlier will of Ms. Jones. The new will, in accordance with Defendants' instructions, left all of Ms. Jones's assets to Lillian Beverly, and appointed Alberta Carlton as executrix of her estate.
Lillian Jones died on July 1, 1981. On July 10, 1981, Plaintiff Doris B. Owens petitioned for the probate of the earlier will of Lillian B. Jones. Defendants Alberta Carlton and Lillian Beverly filed a caveat against probate, and, in the same action, petitioned for the probate of the subsequent will. On August 18, 1981, the Mississippi chancery court ruled Defendants' proposed will invalid on grounds that it had been procured by Defendants' undue influence upon Ms. Jones.
On August 19, 1981, William B. Jacob, attorney for the estate of Lillian B. Jones, filed in Mississippi a "Declaration for Damages and Injunction" against Defendants, seeking to recover alleged damages caused to the estate by Defendants' actions.
All Defendants were served with notice of the "Declaration." Lillian Beverly and Mamie Beverly never appeared or filed any response to the "Declaration." As we have already stated, Lillian and Mamie Beverly dispute the adequacy of service upon them. That issue is still pending in the court below. Alberta Carlton and Helen Beverly, who concede personal service and, thus, jurisdiction of the Mississippi court, retained counsel in Mississippi who made an appearance and filed motions on their behalf.
On October 8, 1981, counsel for Appellants filed a motion to withdraw from the case. As mandated by Mississippi law, he forwarded by certified mail to Appellants in Birmingham his intentions of withdrawal. His reasons for withdrawal included,inter alia:
 "The retainer agreement between said defendants and the undersigned attorney provided only for representation in filing demurrers and initial pleadings. The named defendants have not responded to counsel's correspondence requesting them to notify him if they wished him to represent them further. The within named defendants have not responded to counsel's correspondence and have refused to accept telephone calls from him with the result that his ability to represent them had been impaired."
The court thereupon granted the motion to withdraw.
Subsequently, after an evidentiary hearing, the Mississippi chancery court issued the following order:
 "This cause came on for hearing . . . on petition filed by complainant herein seeking injunctive relief and judgments against the above named defendants for the wrongful removal of assets of the Estate of Lillian B. Jones, deceased. Upon examination of the record, the court found that legal and lawful process issued to Lillian Beverly, Helen Beverly, Mammie Beverly and Alberta Carlton for the statutory amount of time. Further, the court found that each of the above named defendants has wholly neglected and failed to properly plead, answer or demur within the time allowed by law to any of the allegations of the Bill of Complaint or any more particularized petition. Further, the court found and was convinced that it had complete jurisdiction of all parties involved in this matter *Page 1230 
and that all proper and necessary parties were before the court.
 [Omitted herefrom are the court's detailed factual findings of fraud and undue influence.]
 "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Lillian Beverly, Helen Beverly, Mamie Beverly and Alberta Carlton exercised undue influence and fraud over the person of Lillian Jones during her lifetime to wrongfuly obtain from Mrs. Jones assets belonging to her, including but [not] limited to, cash money and stock certificates.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a mandatory injunction is granted compelling each of the above named defendants to pay unto the Chancery Clerk of Lauderdale County, Mississippi, the Honorable Herman Gray Johnson, any and all sums of money that have come into their possession from the assets belonging to Lillian B. Jones.
". . . .
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a judgment is granted against each of the above named defendants, jointly and severally, in the amount of $87,064.12 representing the cash money obtained by each of the above named defendants through fraud and undue influence. Upon execution of this judgment, these funds are to be turned over to the receiver for the Estate of Lillian B. Jones, namely, the Honorable Herman Gray Johnson, Chancery Clerk, Lauderdale County, Mississippi.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Honorable William B. Jacob is granted a judgment against each of the above named defendants jointly and severally, in the amount of $5000.00 representing the attorney's fees for the bringing of this action to recover the assets that were wrongfully obtained from the Estate of Lillian B. Jones. Further, the Honorable Herman Gray Johnson, Chancery Clerk of Lauderdale County, Mississippi, is hereby awarded a judgment against each of the above named defendants in the amount of $62.00 representing the costs of bringing this independent action for the recovery of funds and assets of the Estate of Lillian B. Jones that were obtained by fraud and undue influence.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a decree pro confesso issue against each of the above named defendants finding them wholly and completely in default in any plea, answer or [demurrer] or other appropriate pleadings."
 DECISION The Collateral Attack Issue
Defendants contend in this appeal that the judgment of the Mississippi chancery court is not entitled to full faith and credit in Alabama, because Defendants failed to receive notice of the setting of the Mississippi case for trial.
As postured by Appellee, and we think rightly so, whether the Defendants did or did not receive notice of the trial setting is not the issue here. The issue is whether Defendants can collaterally attack the Mississippi judgment based upon their assertion that they did not receive notice of the trial setting. Because this case deals with whether an Alabama court is required to give full faith and credit to a Mississippi judgment, when it is being collaterally attacked, cases dealing with the Alabama appellate courts' review of Alabama trial courts' decisions in a direct appeal are inapplicable.
For purposes of a summary judgment motion, this Court must view the evidence in a light most favorable to the nonmoving party (here, the Appellants). Papastefan v. B L ConstructionCo., Inc., of Mobile, 356 So.2d 158, 160 (Ala. 1978). Accordingly, it must be assumed that Appellants did not receive notice of the Mississippi hearing on the "Declaration for Damages." *Page 1231 
The failure of Defendants to receive notice of the hearing, however, is an irregularity that renders the Mississippi judgment voidable, not void. Combs v. Chambers, 302 F. Supp. 194,200-201 (N.D.Okla. 1969); Gray v. Hall, 203 Cal. 306,265 P. 246, 253 (1928).[1]
In Combs, supra, plaintiff attempted to enforce in Oklahoma a default judgment obtained against a defendant in Arkansas. Defendant sought to collaterally attack the Arkansas judgment in Oklahoma on grounds that neither the Arkansas court nor the plaintiff had afforded him notice of the application for default.
The federal district court, while unable to determine any Arkansas requirement that notice be given to defendant prior to entry of a default judgment, noted:
 "If it may be assumed that Arkansas by statute or rule of court required notice before a default judgment can be taken and a default judgment is taken without such notice, such action does not constitute a lack of jurisdiction in the meaning of the full faith and credit clause of the Constitution of the United States. It is at most an irregularity, the judgment is not void and should be entered in a sister state." 302 F. Supp. at 200.
See, also, Mueller v. Payn, 30 Md. App. 377, 352 A.2d 895, 901
(Ct.Spec.App. 1976). (A violation of a procedural rule would not require a court to deny full faith and credit to a foreign judgment.)
Defendants do not contest the Mississippi court's personal or subject matter jurisdiction. Once a court obtains jurisdiction, irregularities only render a judgment erroneous or voidable.Gray, 203 Cal. at 315, 265 P. at 251. "A judgment is never absolutely void if the court had jurisdiction of the subject matter and the person of the defendant no matter how erroneous it may be." Gray, 203 Cal. at 314, 265 P. at 251. Failure to give notice is not jurisdictional under the full faith and credit clause. Combs, 302 F. Supp. at 201. Once jurisdiction has been acquired, "errors of judgment or irregularities which do not render the judgment void are not available on collateral attack." Cobbs v. Norville, 227 Ala. 621, 623, 151 So. 576, 577
(1933); see Gray, supra, 203 Cal. at 313, 265 P. at 251.
In Gray, the court distinguished those cases in which a defendant receives no notice of an action from those in which the defendant received notice of the lawsuit but not of subsequent proceedings. In the first instance, any judgment rendered would be void because of the absence of jurisdiction of the court to render the judgment. Gray, 203 Cal. at 316,265 P. at 252. In the second instance, however, the lack of notice would only render the judgment voidable:
 "The notice essential to due course and process of law is the original notice whereby the court acquires jurisdiction, and is not notice of the time when jurisdiction, already completely vested, will be exercised." 203 Cal. at 318, 265 P. at 253.
The only remedy available to a defendant subject to a voidable judgment is a direct appeal from that judgment; a collateral attack is not allowed. Gray, 203 Cal. at 317,265 P. at 252; Holcomb v. Holcomb, 198 So.2d 32, 33 (Fla.Dist.Ct.App. 1967). Consequently, Defendants' remedy would have been to attempt to have the Mississippi judgment set aside in a Mississippi court.
 The Indispensable Party Issue
Defendants contend that the Alabama judgment should be set aside on appeal because of Plaintiff's failure to join William B. Jacob and Gladys B. Wallace as indispensable parties in the instant action. Mr. Jacob is the Mississippi attorney for the estate of Lillian B. Jones, and Gladys B. Wallace is a beneficiary under Ms. Jones's last will and testament.
According to Defendants, Mr. Jacob is an indispensable party because the Mississippi *Page 1232 
chancery court awarded him $5,000 in attorney's fees, and that sum is included within the total judgment rendered by the Alabama court, the subject of this appeal. While the Mississippi court's order mentions Jacob as being entitled to the $5,000, an examination of the opinion illustrates that, as is usual in cases in which attorney's fees are awarded, the award of fees was to the estate of Lillian B. Jones, deceased, and not to Mr. Jacob personally.
An award of attorney's fees belongs to the client and not the attorney. See, e.g., Carmichael v. Iowa State HighwayCommission, 219 N.W.2d 658, 664 (Iowa 1974); In re Estate ofKatz, 40 N.J. Super. 103, 122 A.2d 185, 187 (1956). We find no merit in Appellants' contention that, because the Mississippi judgment awarded an attorney's fee of $5,000, the judgment appealed from in the instant case is due to be reversed for failure of the Plaintiffs to join that lawyer as an indispensable party.
Defendants' contention that Gladys B. Wallace is an indispensable party to these proceedings is likewise misplaced. This Alabama action was brought to enforce the Mississippi judgment. The Mississippi action was brought for the benefit of the estate of Lillian B. Jones. All funds recovered are to be paid to the court until the estate is settled and the assets distributed. Accordingly, as maintained by Appellees, the executrix, Doris B. Owens, was the proper party to maintain the Mississippi action. See 7 C. Wright A. Miller, FederalPractice and Procedure § 1618, at 192 (1972). Moreover, as noted by the Mississippi court, "all proper and necessary parties were before the court."
Defendants also insist that Gladys B. Wallace should have been joined as a party to the instant proceeding because she is a "real party in interest." While Ms. Wallace is a beneficiary of the estate, Rule 17 (a) of the Alabama Rules of Civil Procedure states that "[a]n executor . . . may sue in his own name without joining with him the party for whose benefit the action is brought."
The Mississippi action was brought for the benefit of the estate. Consequently, it was not error for the executrix, Doris B. Owens, to initiate and pursue this action in the absence of Gladys B. Wallace as a party plaintiff.
The judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
SHORES, J., concurs in the result.
[1] Although it is not determinative, we note that no pleading of Defendants raises the lack of notice as a defense to enforcement of the Mississippi judgment, or suggests that notice of an application for default is a requirement of Mississippi law.