This is a garnishment case.
The trial court determined that Mr. Glass, the plaintiff, substantially failed to comply with a pretrial order which had been previously entered by the trial court and that, as a result of such noncompliance, defendant Hinde's motion for sanctions as to the payment of fees for the preparation and taking by the defendant of the second deposition of the plaintiff's experts should be granted. Counsel for the defendant, Mr. Smith, was directed to submit to the trial court his statement of the fees so incurred, and the attorney did so by filing an affidavit to the effect that such fees consisted of an attorney's fee of $1,256.25, an accountant's fee of $120, and a court reporter's fee of $211.50, all of which total $1,587.75. On December 18, 1985 two separate judgments were entered in the case, the first (final judgment) being upon the merits of the case whereby a final judgment was entered for the plaintiff and against the defendant in the amount of $137,900 pursuant to a prior verdict of the trial jury. The second judgment (sanctions judgment) of that date was an award to "counsel for the Defendant" of $1,587.75 as a sanction for expenses incurred in having to prepare for the second depositions of the experts of the plaintiff.
As to the final judgment, the defendant filed a motion for a new trial. Thereafter, on January 29, 1986, Mr. Smith obtained permission from the trial court to withdraw as the defendant's attorney since the defendant refused to pay his attorney's fee for representing him throughout the litigation and since the defendant threatened to bankrupt against it. Subsequently, the plaintiff and the defendant settled and satisfied the final judgment by a written accord and satisfaction agreement which was filed in the case on March 31, 1986. Included in that written agreement was a provision that the defendant waived any and all claims which he might have as to the sanctions judgment.
As to the sanctions judgment, no motion of any nature has ever been filed by anyone under either Rule 59 or Rule 60, Alabama Rules of Civil Procedure, for relief. Neither has an appeal ever been taken from that judgment.
On July 18, 1986 Mr. Smith, the attorney who represented the defendant in the case until he withdrew in January 1986, caused a writ of garnishment to be issued in Mr. Smith's name against the plaintiff's employer in an effort to collect the sanctions judgment. The plaintiff sought to quash the garnishment upon the primary ground that the defendant by means of the accord and satisfaction agreement had waived any claim which he had as to the sanctions judgment. The trial court overruled the plaintiff's motion to quash the garnishment and the plaintiff duly appealed.
In Carlton v. Owens, 443 So.2d 1227 (Ala. 1983), Attorney Jacob had successfully represented the Jones estate in a Mississippi case where a judgment for $87,064 was obtained in favor of the Jones estate and against the defendants for wrongfully obtaining *Page 318 
property and money from Mrs. Jones, the deceased, by undue influence and fraud. As a part of that Mississippi judgment, Mr. Jacob was expressly granted a $5,000 judgment against the defendants as an attorney's fee for his success in recovering the assets of the estate. The Jones estate then sued the defendants in the Circuit Court of Jefferson County, Alabama to enforce the Mississippi judgment, and a summary judgment was there entered in favor of the Jones estate and against two of the defendants who appealed. The supreme court determined, "An award of attorney's fees belongs to the client and not the attorney." Carlton, 443 So.2d at 1232.
The present case and Carlton have similarities. A final judgment was entered in each. A judgment was rendered in both cases in favor of an attorney and in neither case was the judgment altered in any manner prior to an attempt to enforce it.
We must assume that Carlton means what it plainly says. No exceptions were enumerated as to the rule. Accordingly, in the present case, the defendant was the owner of the sanctions judgment and, as such owner, he had the right, authority, and power to settle, satisfy, waive, and forgo the sanctions judgment, which he did through the accord and satisfaction agreement.
Were it not for Carlton, we would affirm this case because the sanctions judgment was, in effect, entered in favor of Mr. Smith, who was "counsel for the Defendant," and that judgment was never attacked by a Rule 59 or Rule 60 motion or by a direct appeal. However, the same situation existed in Carlton
and we have no alternative but to follow Carlton, which is the latest decision of our supreme court upon this issue. The opinions of the supreme court are binding upon us. City ofBirmingham v. Personnel Board, 464 So.2d 100 (Ala.Civ.App. 1984); § 12-3-16, Code 1975.
The judgment of the learned trial court is reversed and the matter is remanded to the circuit court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.