This appeal follows a mother's petition to modify a divorce decree. Specifically, the mother requested an increase in child support and that the father be ordered to pay toward the college education of the parties' two children. The father was paying $45 per week per child as child support pursuant to the divorce decree.
Following a hearing which was held in August 1990, the trial court ordered that the father should have the obligation of continuing to pay $45 per week to assist with the college expenses of the parties' oldest son who was already in college. Further, the trial court ordered that the father should pay $55 per week in support for the parties' second son until he reached the age of majority and, then, upon the second son's reaching the age of majority, the father should pay $45 per week as long *Page 1382 
as the second son remained in college. The trial court also limited the duration of the payments for college to four years for each son.
The father appeals, asserting that the trial court erred in ordering the father to contribute toward his sons' college educations in view of evidence that the father would not have furnished a college education to his children had the parents remained married, and in ordering the father to contribute to their education when he contended that payments for college would cause him an undue hardship. The father also asserts that requiring a divorced father to pay for a child's college education and not requiring a married father to do likewise is unconstitutional.
Initially, we note that this court is bound by the decisions of the supreme court of our state. § 12-3-16, Code 1975. We are not at liberty to act contrary to their decisions. Glass v. Hinde,504 So.2d 316 (Ala.Civ.App. 1987). In Ex parte Bayliss,550 So.2d 986, 995 (Ala. 1989), our supreme court addressed this constitutional issue and held:
 "`It is true that the imposition of this burden on divorced noncustodial parents establishes a classification with discriminatory obligations. However, . . . instead of an arbitrary, inequitable, unreasonable, or unjust classification, what exists is a package of special powers in equity that the courts, regardless of legislation, have long used to protect the interests of children of broken homes and to assure that the disadvantages of divorce on these children are minimized.'"
Next, we must answer this question: Had the Turner family not been put asunder by divorce, would the father, who had not attended college and was not a man of significant means, have contributed toward a college education for his two sons after they reached 19 years of age? Bayliss. If so, the father's educational support obligations should not cease when each son reaches 19 years of age. Bayliss.
The father asserts that, because he testified that he would not have paid for his sons' college educations and because the wife basically corroborated this with her own testimony, he should be relieved of the obligation to provide post-minority support toward a college education.
In child support cases, we are ever mindful of the ore tenus rule. When a trial court is presented ore tenus evidence, its judgment will be presumed correct on appeal and will not be reversed absent a finding that the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Spragins v. Spragins,501 So.2d 478 (Ala.Civ.App. 1987).
Further, we note the following pertinent Bayliss language:
 "One result [of divorce] is that the interest, concern, care and money of the noncustodial parent that is available for the children of the original marriage often declines or vanishes altogether. This is particularly true in such matters as the cost of education for their post-minority children."
Bayliss at 995.
Our review of the record reveals that the mother in this case is a school teacher and makes approximately $26,000 per year. The father is a mechanic/machinist and makes over $14 per hour and is paid time and one-half for any overtime. His annual income is approximately $30,000. Since the divorce, the mother has had to contribute more of her income toward providing for the basic necessities for herself and two sons. If the Turner family had not been put asunder by divorce, two incomes rather than one would have been contributing to the payment of these expenses. Therefore, even if the father had refused to contribute a portion of his income to his sons' college educations, the mother would still have had more of her income available to offset the sons' college expenses. Further, the oldest son, who lost a scholarship following emotional difficulties, might not have suffered emotional conflict had the parties remained married. Thus, he might have been afforded a college education without any added expense to the father. In short, our review of the record indicates that evidence was *Page 1383 
presented from which the trial court could have concluded that the children probably would have had a college education had their parents not divorced. "Courts have the right to assure that the children of divorced parents . . . are given the same right to a college education . . . that they probably would have had if their parents had not divorced." Bayliss at 995.
The oldest son has already begun attending school at a junior college. The youngest son hopes to become a veterinarian and has already had interviews at Auburn University. However, the father does not question on appeal either son's aptitude or willingness to attend college, so we now turn to whether the payments for college would cause the father an undue hardship.
In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), this court expanded upon the Bayliss case by indicating two specific factors that were appropriate for the trial court's consideration when determining whether to require the parent to provide or assist with the child's college education. Those two considerations are: whether the child has an aptitude and willingness to attain a higher education and whether "the parent has a sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself." Thrasher at 841. This court further indicated that "`undue hardship' does not mean without any personal sacrifice. Most parents who send their children to college sacrifice to do so."Thrasher at 841.
As noted above, the father's annual income is approximately $30,000. He was already paying $45 per week per child before this proceeding. The trial court only increased this amount by $10 per week for the youngest child's support until his majority, which the father does not contest on appeal. The trial court ordered that amount decreased back to $45 per week for college expenses if the youngest child attends college. The trial court simply extended the oldest child's weekly support of $45 per week for payment toward college expenses and limited the father's obligation to a maximum of four years for each child.
While the extended obligations may mean some personal sacrifice for the father, we cannot find that they will cause an undue hardship. Consequently, the judgment of the trial court is due to be affirmed.
The wife's request for an on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.