L. CHARLES WRIGHT, Retired Appellate Judge.
V.B.N. (minor child) and S.N. (mother) filed a complaint for paternity and child support against W.Y. (putative father) in the Juvenile Court of Houston County, Alabama. The complaint was signed by David Emery, an assistant district attorney for Dale County. Emery’s notice of appearance stated that he represented the Department of Human Resources.
Emery subsequently filed a motion to compel blood tests. Blood tests of the mother, putative father, and minor child *421 were taken. The results were filed in the juvenile court.
Emery filed a notice of withdrawal in the juvenile court. The notice stated that he was no longer the attorney of record for the Department and that Jack Blumenfeld would proceed as attorney for the Department.
In April 1990 a trial was held before a court referee. The referee found that W.Y. was not the father of the minor child. Blumenfeld filed a notice of appeal on behalf of the mother, requesting that the case be heard before the juvenile judge. The minor child was not named in the style of the appeal.
Following an evidentiary hearing, the juvenile judge found W.Y. not to be the father of the minor child. Blumenfeld filed a notice of appeal to the Circuit Court of Houston County. The appeal was styled “[S.N.], Plaintiff v. [W.Y.], Defendant.” The minor child’s name was omitted.
Subsequently the putative father filed a motion in the circuit court requesting that court to suppress the results of the blood tests. The motion alleged that Emery, the attorney at the time, had agreed in deposition that the results of the blood tests would not be used in court. The circuit court granted the motion. The “State of Alabama ex rel. [S.N.] ” filed a motion to reconsider, disagreeing with the putative father’s assertion that an agreement had been reached to not admit the blood tests. The circuit court denied the motion.
Joel Nomberg filed a notice of appearance in the circuit court indicating that he was now the attorney representing “the plaintiff, State of Alabama ex rel. [S.N.].” Nomberg subsequently filed a motion to add the minor child as a party. The motion was denied. Nomberg then filed a motion to appoint a guardian ad litem to represent the minor child’s interests. The motion was denied.
Larry Odom, an assistant attorney general, filed a notice of appearance clarifying that he was representing the interests of the minor child. Simultaneously, he filed a motion to compel the putative father to submit to a blood test. The circuit court conditionally granted the motion to compel the blood test provided that the testing would not require a continuance of the case. The putative father failed to appear for the scheduled testing. A motion to reschedule the blood test was filed. The putative father filed an explanation of noncompliance and challenged the court’s order to submit to another blood test.
Odom filed a motion to intervene in the circuit court on behalf of the minor child. Subsequently he filed a motion to appoint a guardian ad litem to represent the child’s interests.
The circuit court had the parties brief the following issues:
“(1) Did David Emery, as attorney for the Department of Human Resources, represent the interests of [the minor child]? (2) Is [the minor child] already either a Plaintiff or relator in this case as a result of his District Court involvement? (3) If David Emery was [the minor child’s] legal representative when he took [the putative father’s] deposition, may the Defendant be properly required to submit to a second blood test?”
Following the filing of briefs, the court remanded the case to the juvenile court for a determination of whether the minor child was represented in the lower court proceedings. The juvenile court declined to make findings on the issue of the child’s representation because the case had been appealed to the circuit court for a trial de novo.
The circuit court entered an order finding that the minor child was represented in the juvenile court and that the minor child failed to perfect an appeal to the circuit court. The court found that the minor child’s failure to perfect the appeal precluded her from intervening in the appeal. The court found that the minor child had no standing to demand blood testing. It further found that the mother was precluded from demanding further blood tests in the case.
The minor child petitions this court for a writ of mandamus requesting that we order the circuit court to make her a party to *422 the action, appoint a guardian ad litem to represent her interests, and allow further blood testing of all the parties.
We are initially concerned with whether the minor child has a clear legal right to be a party to the action in circuit court and to have her interests represented by a guardian ad litem appointed by the circuit court.
Section 26-17-11, Code 1975, the Uniform Parentage Act, provides, in pertinent part, the following:
“The child may be made a party to the action. If the child is a minor he shall be represented by his general guardian or a guardian ad litem appointed by the court, if not otherwise represented by counsel. The child’s mother or father may not represent the child as guardian or otherwise. The court may appoint the public authority chargeable by law with the support of the child as guardian ad litem for the child....”
That section maintains that a child “may” be made a party to the action and, if a minor, he or she “shall” be represented in the lawsuit. In our review of the statutory language it appears that the legislature has made representation of the minor mandatory if the minor is a party. We reach this conclusion based on the legislative use of the word “shall,” which we have traditionally held to be mandatory. Ex parte Anonymous, 414 So.2d 72 (Ala.1982).
The trial court found that the child was a party to the original action and that she was represented by David Emery.
The original action, filed by Emery, named the mother and the minor child as plaintiffs. In his notice of appearance, however, Emery stated that he represented the Department of Human Resources. Emery took no steps to protect or represent the minor child, and at all times identified himself as attorney for the Department. We find the circuit court’s conclusion that the child was represented by Emery to be impossible in view of the fact that Emery withdrew from the case prior to the first trial.
Moreover, Blumenfeld, Emery’s successor, did nothing to protect the minor child’s interests. In fact, when Blumenfeld appealed the referee’s decision and the juvenile court’s decision, he did not include the child’s name in the style of the action. This failure to name the child in the appeal appears to be either inadvertent or a gross legal misjudgment in view of the fact that there was no fathomable legal reason for the child to be omitted.
It was not until Nomberg, Blumenfeld’s successor, appeared that the child had any semblance of representation. Nomberg was evidently trying to remedy the adverse situation created by his predecessors’ failure to represent the child. He moved that the child be made a party and that a guardian ad litem be appointed. The circuit court refused his request.
Until Nomberg’s appearance, the minor child had no representation. No one made a motion that a guardian ad litem be appointed, and neither the court referee nor the juvenile court took the initiative to appoint a representative to look after the child’s interests in this litigation.
The child was named in the original lawsuit but was promptly forgotten. She has had no opportunity to assert or protect her interests in this action, and she has been denied her due process rights. The child’s interests have been completely ignored.
The circuit court found the child to be a real party in the initial action but precluded intervention because of her failure to appeal. We find the failure of the child’s name to appear on the appeal to be due to a complete lack of representation and a mere technicality.
Mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Thompson, 474 So.2d 1091 (Ala.1985). The minor child had a clear legal right to be a party to this paternity action and to be adequately represented. The circuit court was given the opportunity to remedy this inequitable situation. It refused. Mandamus is clearly appropriate here to correct *423 the inequitable treatment the child has received and to end the injustice of failing to consider her interests. Those interests were the most paramount in this case to determine her paternity and right to support.
The child is to be included as a party in the adjudication of paternity in the circuit court, and the circuit court is ordered to appoint a guardian ad litem to represent the child’s interests.
The court’s mandate that the minor child has no standing to request blood testing is contrary to our finding that the child has standing to participate in the trial de novo in the circuit court. To summarily preclude the child from requesting additional testing would be unfair and unjust in that it deprives the child of statutory rights to which she is entitled under the Uniform Parentage Act. § 26-17-12(a), Code 1975.
The court’s order that the mother is precluded from demanding blood testing is premised on the putative father’s assertion that an agreement was reached that the tests would not be used in court. Even if such an agreement were reached it would not be binding on the child because she was not a party to that agreement. It is difficult for this court to discern why counsel would insist upon a blood test but agree not to introduce it in court. Such agreement is contrary to reason and logic. If such an agreement were made, the court should never sustain it because it clearly would be against the best interests of the child. It is the duty of the court to protect those interests.
Accordingly, the circuit court is ordered to consider the child’s request for additional blood testing or to permit the results of the original blood tests to be presented in the trial of this case if those results meet the applicable rules of evidence.
The petition for writ of mandamus is conditionally granted. The writ shall issue unless the circuit court within fourteen days of this date dissolves its order of April 26, 1991 and schedules a prompt trial of this case.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT GRANTED CONDITIONALLY.
All the Judges concur.