THIGPEN, Judge.
This is a paternity case. Although numerous pleadings and actions have transpired involving these parties, only those pertinent to this appeal will be discussed.
In June 1989, a complaint was filed in the District Court of Houston County, alleging W.Y. to be the father of V.B.N. The complaint was filed by David Emery as district attorney and was styled “State of Alabama, ex rel. [V.B.N.], a child, & [S.N., mother] vs. [W.Y., alleged father].” Additionally, on the same date, the State moved to consolidate this case with another pending paternity action against another alleged father. That action was subsequently resolved in favor of that alleged father. The district court ordered blood tests for the parties. W.Y. answered, denying paternity. W.Y.’s motion requesting to set aside the order for blood testing was denied. Subsequently, the State deposed W.Y. and during the deposition the State and W.Y. allegedly agreed that if W.Y. would submit to the blood test, it would not be used in court if it failed to exclude him as the father of the child. That deposition is not a part of the record on this appeal.
In January 1990, Emery withdrew as attorney of record and Jack Blumenfeld proceeded as the attorney for the Department of Human Resources (DHR). Following a hearing before a court referee, it was determined that W.Y. was not the father of V.B.N. V.B.N. and S.N. appealed to the juvenile court, and following a hearing, the juvenile court also found W.Y. not to be the father of the child. The case was appealed to the circuit court styled “[S.N.], Plaintiff vs. [W.Y.], Defendant” and did not name the child as a party to the appeal. W.Y. requested a trial by jury and filed a motion to suppress the blood test results, submitting his deposition into evidence in support thereof. The trial court granted the motion, finding that the “state has stated it will not use the test in the event of trial.”
In September 1990, Joel Nomberg filed his notice of appearance as attorney for the State. His motion to add V.B.N. as a party was denied. His motion to appoint a guardian ad litem to represent the child was also denied. Thereafter, an assistant attorney general filed a notice of appearance on behalf of the child and filed a motion for blood testing. The trial court granted the motion on the condition that “testing will not require a continuance of the case.” W.Y. failed to appear for the blood tests and filed his explanation of noncompliance with the court. An assistant attorney general then filed a motion to intervene on behalf of the child and a motion to appoint a guardian ad litem.
The trial court ultimately found that V.B.N. was “precluded from intervening in the appeal” and “she lacks standing to demand that W.Y. submit to further blood test.” Thereafter, a petition for a writ of mandamus was sought in this court and these proceedings were ordered stayed until a decision on the mandamus petition was rendered. This court granted the writ, ordered that the child be made a party to the action, and ordered the trial court to withdraw its motion suppressing the blood test results and to set the case for immediate trial. Ex parte V.B.N., 587 So.2d 420 (Ala.Civ.App.1991).
*381 Ultimately, our Supreme Court granted W.Y.’s petition for a writ of mandamus to this court. Our Supreme Court held that this court erred in directing the trial court to admit evidence in violation of the alleged agreement. It further affirmed the trial court’s finding that the agreement was enforceable and reversed this court’s order making the child a party to the proceedings in circuit court and appointing her a guardian ad litem. That result also affirmed the trial court’s decision that the child was represented by Emery when the alleged agreement was made, and that she subsequently failed to perfect an appeal within the time allowed by law and was therefore barred from participation in the action in the circuit court. Ex parte W.Y., 605 So.2d 1175 (Ala.1992).
Thereafter, the State filed an application for a rehearing on that mandamus and a motion to stay further proceedings in the trial court until the ruling on the rehearing. Our Supreme Court did not immediately rule on the motion to stay; therefore, the matter proceeded to trial. After a trial on the merits, the jury returned its verdict finding W.Y. not to be the father of Y.B.N.; hence, this appeal.
The State raises four issues on appeal: (1) whether the trial court had jurisdiction to proceed with the trial while the application for rehearing and motion for a stay were still pending in the Supreme Court; (2) whether the trial court abused its discretion by refusing to admit the results of the blood tests into evidence, or, alternatively, whether the trial court abused its discretion in refusing to issue an order for additional blood testing; (3) whether the trial court erred in refusing to give certain of plaintiff’s written charges; and (4) whether the trial court abused its discretion by refusing to add the child as a party to the action.
We first address the issue of whether the trial court had jurisdiction to proceed on the issue of paternity while certain matters were still pending before our Supreme Court. We note that with the filing of its application for rehearing on January 17, 1992, the State filed a motion for a stay of the proceedings pending a ruling on its rehearing application. Upon the State’s request for a continuance, the case was rescheduled for March. In March, the State again moved for a continuance, alleging the trial court had no jurisdiction while the matter was pending in the Supreme Court. The trial court denied any further continuance and proceeded to trial. At no time during this intervening time did the Supreme Court rule on the requested stay.
The issues which were the subject of the mandamus in the Supreme Court were the trial court’s rulings on the admissibility of the blood test and whether the child was entitled to intervene. The ultimate issue to be determined by the trial court was V.B.N.’s paternity. Thus, the issues before our Supreme Court, although interconnected, were ancillary to the ultimate issue of V.B.N.’s paternity. The State’s assertion regarding jurisdiction is basically correct; however, our Supreme Court
“set out a limitation on the rule that, after an appeal is taken, the trial court cannot rule on any matter involving the appeal:
“ ‘... The rule is stated to be that after an appeal is taken, the lower court “may proceed in matters which are entirely collateral to that part of the case which is taken up (by the appeal) but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.’ This is a limitation on the rule that after an appeal is taken the trial court cannot, pending that appeal, pass upon any matter involved on the appeal....
“ ‘As to those matters which are entirely collateral to the questions involved on appeal, the court and parties are free to proceed notwithstanding the appeal if taken, or without affecting the right to appeal if not then taken. 4 C.J.S., Appeal and Error, § 212e, p. 401.’ ”
Osborn v. Riley, 331 So.2d 268, 271 (Ala.1976). See also Barran v. Roden, 263 Ala. 305, 82 So.2d 398 (1955). In view of the above authority and in view of the refusal *382 of our Supreme Court to rule on the motion for a stay, we find no lack of jurisdiction in the trial court to proceed to trial on the issue of paternity.
We next turn to the issue of whether the trial court abused its discretion in refusing to grant the State’s request for further blood testing. W.Y. asserts that this issue has been foreclosed by our Supreme Court’s decision in Ex parte W.Y., 605 So.2d 1175 (Ala.1992). The issue of the enforceability of the agreement by the trial court has been affirmed by our Supreme Court; however, the State questions whether the trial court’s refusal to order further blood testing was error.
We note with particularity the State’s motion for further blood testing filed after the appeal for a trial de novo was granted. W.Y. failed to appear for testing, and the State’s attorney’s request for re-scheduling was set for hearing. After submission of briefs on the questions of intervention on behalf of the child and of further blood testing, the trial court ruled that the child was not a party to the action in the circuit court and was thus precluded from demanding further blood testing. The order also stated that “[S.N.] is precluded from doing so as well,” without stating reasons.
Our Supreme Court reversed this court’s ruling that the trial court either allow admission of the blood test results in contravention of the agreement of the attorneys or order further blood testing, on the grounds that mandamus was not the proper remedy to reverse the trial court’s order, and finding that the agreement was enforceable; however, that court did not address the issue of whether that court was required to order further blood testing in conformity with Alabama law. Ala. Code 1975, § 26-17-12(a), states, viz.:
“(a) Upon application of the defendant in a paternity proceeding or any other party to the action, the court shall order the mother, child and defendant to submit to one or more blood tests to assist the court in determining paternity of the child.... Whenever the court orders any such blood test to be taken and any of the persons whose blood is to be taken refuses to submit to the test, such fact shall be disclosed upon the trial, unless good cause is shown for not doing so.”
Ordinarily, without considering our Supreme Court’s ruling in Ex parte W.Y., supra, this court would hold that the trial court’s refusal to order further blood testing was an abuse of discretion in view of the statutory mandate above; however, in view of our holding in Ezell v. Childs, 497 So.2d 496 (Ala.Civ.App.1985), that on trial de novo, the circuit court may consider prior agreements of the parties made during the district court proceeding which constitute binding contracts, considered together with the holding in Ex parte W Y, supra, finding the agreement to be binding and enforceable, we are constrained to hold that the trial court’s refusal to order further blood testing was not an abuse of discretion. We realize that this holding may have the effect of forever bastardizing this child in contravention of our prior holdings and public policy; however, in view of the above authority, no other holding' is permissible. Ala.Code 1975, § 12-3-16; Turner v. Turner, 579 So.2d 1381 (Ala.Civ.App.1991).
We next consider the trial court’s oral jury charge and its refusal to give certain of the State’s requested written charges. Specifically, the State requested the trial court to instruct the jury as follows:
“Plaintiff’s Requested Instruction No. 25
“In this action to establish paternity of the minor child named in the Complaint, a single act of sexual intercourse occurring during the period of probable conception is sufficient to warrant a finding in favor of the plaintiff.
[[Image here]]
“Plaintiff’s Requested Instruction No. 28 “You are instructed that a paternity action may be filed at any time while the child is a minor.
“The fact that the trial herein is occurring when the child is eight (8) years old must not prejudice you in your deliberations or in your verdict.
[[Image here]]
“Plaintiff’s Requested Instruction No. 30
*383 “You are instructed that the mere possibility of another man being the father of the minor child will not support a verdict for the defendant.”
Pursuant to Rule 51, A.R.Civ.P., “reversible error occurs only where that error is prejudicial, when the trial court’s instructions are viewed as an entity.” Underwriters National Assurance Co. v. Posey, 333 So.2d 815, 818 (Ala.1976). Moreover, appellate review of jury charges asserted to be erroneous requires examination of “the entirety of the trial court’s charge to see if there was reversible error.” Mahoney v. Forsman, 437 So.2d 1030, 1034 (Ala.1983).
Regarding charge number 25, the evidence adduced at trial asserted more than one act of intercourse; accordingly, to charge the jury as requested could have been misleading; therefore, the charge was properly refused. While charge number 28 may be a correct statement of the law, nevertheless, this issue was not presented in the evidence and, therefore, the trial court's refusal was not error.
Charge number 30 was adequately covered in the trial court’s oral charge, wherein the jury was instructed:
“You must decide this case based on the evidence and on my instructions to you on the law as it applies to the evidence. You can’t rely on guess, conjecture or surmise. You can’t rely on suspicion and you can’t allow sympathy in any form, whether it be for the Plaintiff or for the Defendant or for the minor child whose paternity is in controversy in this case.”
Giving the requested charge could have been misleading as placing undue emphasis to the extent that the jury could have misinterpreted the burden of proof in this case.
While its oral charge may have been minimal, nevertheless, the trial court instructed the jury regarding the judicial notice of the normal period of gestation and the probable period of conception and that the burden was on the State to prove its case to the jury’s reasonable satisfaction; that this was not a criminal case and that the State did not have to prove its case beyond a reasonable doubt; and that it was for them to determine whether the defendant had sexual intercourse with the mother during this probable period of conception.
There are no fixed formulas for proper jury instructions. The instructions should merely state the law as applied to the evidence in the case. Lloyd Noland Foundation, Inc. v. Harris, 295 Ala. 63, 322 So.2d 709 (1975). In reviewing the oral charge in its entirety, we cannot say that it does not comply with the above standard; accordingly, we find no error in the trial court’s refusal of the three requested charges.
Last, the State asserts that the trial court abused its discretion in refusing to allow the child to intervene in the action and be added as a party. This issue has been foreclosed by our Supreme Court’s decision in Ex parte W.Y., supra. While we may disagree with the result, that court has ruled that the trial court was correct in its determination that the child was represented by the district attorney at the district court proceeding and failed to perfect an appeal; accordingly, we must affirm. Ala.Code 1975, § 12-3-16, Turner, supra.
In accordance with the above, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs in the result only.
ROBERTSON, P.J., specially concurs in the result only.